1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11

12   ROBERT E. HARWELL, JR.,

13                  Plaintiff,              CIV S-04-0534 LKK PAN

14          v.

15   JO ANNE B. BARNHART,               Findings and Recommendation
     Commissioner of Social
16   Security,

17                  Defendants.

18                               —o○o—

19        Pursuant to 42 U.S.C. § 405(g), plaintiff requests this

20   court review defendant's decision denying plaintiff disability

21   benefits.

22        If eligible, to qualify for benefits a claimant must

23   establish inability to engage in "substantial gainful activity"

24   because of a "medically determinable physical or mental

25   impairment" that "has lasted or can be expected to last for a

26   continuous period of not less than 12 months."   42 U.S.C. §

1  423(d)(1)(A).  Defendant bases her decision upon a five-step

2  analysis.  First, the claimant must not currently be working.  20

3  C.F.R. § 404.1520(b).  Second, the claimant must have a "severe"

4  impairment.  20 C.F.R. § 404.1520(c).  Third, the medical

5  evidence of the claimant's impairment is compared to a list of

6  impairments that are presumed severe enough to preclude work; if

7  the claimant's impairment meets or equals one of the listed

8  impairments, benefits are awarded.  20 C.F.R. § 404.1520(d).

9  Fourth, if the claimant can do his past work benefits are denied.

10 20 C.F.R. § 404.1520(e).  Fifth, if the claimant cannot do his

11 past work and, considering the claimant's age, education, work

12 experience, and residual functional capacity, cannot do other

13 work that exists in the national economy, benefits are awarded.

14 20 C.F.R. § 404.1520(f).

15         Defendant found plaintiff was eligible, suffered from

16 obesity, depression, fibromyalgia and a history of polysubstance

17 abuse but no listed impairment, that he cannot do his past work,

18 can work as a fast food worker, as a cleaner or housekeeper and

19 assembling small parts and is not disabled.

20         This court must uphold the Secretary's determination that

21 a plaintiff is not disabled if the Commissioner applied the

22 proper legal standards and if the Secretary's findings are

23 supported by substantial evidence.  Sanchez v. Secretary of

24 Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987).

25 The question is one of law.  Gonzalez v. Sullivan, 914 F.2d 1197,

26 1200 (9th Cir. 1990).  Substantial evidence means more than a

1  mere scintilla, <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91

2  S.Ct. 1427 (1971), but less than a preponderance.  <u>Bates v.</u>

3  <u>Sullivan</u>, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such

4  relevant evidence as a reasonable mind might accept as adequate

5  to support a conclusion.  <u>Richardson</u>, 402 U.S. at 401.  The court

6  cannot affirm the Commissioner simply by isolating supporting

7  evidence but must consider the entire record, weighing evidence

8  that undermines as well as evidence that supports the Secretary's

9  decision.  <u>Gonzalez v. Sullivan</u>, <u>supra</u>, 914 F.2d at 1200.  If

10  substantial evidence supports administrative findings, or if

11  there is conflicting evidence that will support a finding of

12  either disability or nondisability, the finding of the

13  Commissioner is conclusive, <u>Sprague v. Bowen</u>, 812 F.2d 1226,

14  1229-30 (9th Cir. 1987), and may be set aside only if the proper

15  legal standards were not applied in weighing the evidence.

16  <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

17       Plaintiff claims that defendant erred by failing to give

18  proper weight to a Veterans' Administration finding plaintiff is

19  disabled, erroneously assessed plaintiff's mental impairments;

20  failed properly to explain why he did not believe plaintiff's

21  subjective complaints; and based his decision on expert

22  vocational evidence that failed to account for all of plaintiff's

23  limitations.

24       Defendant found plaintiff suffers from severe

25  fibromyalgia, a condition characterized by widespread pain in

26  joints, muscles, tendons, and other soft tissues and commonly

1  linked with fatigue, morning stiffness, sleep problems,

2  headaches, numbness in the hands and feet, depression, and

3  anxiety.  There are no diagnostic laboratory tests; rather,

4  physicians rely upon the patient's history and reported symptoms

5  and physical examination.  The disease is not well understood but

6  believed to be explained by disorder of the central nervous

7  symptom.  See Benecke v. Barnhart, 379 F.3d 587 (9th Cir. 2004).

8  Defendant acknowledged plaintiff complained he suffers pain and

9  fatigue that made it difficult to stand, walk, sit, bend, lift,

10  use his arms, tolerate people, concentrate and remember.

11  Defendant refused to credit these claims because x-rays revealed

12  no abnormalities that would explain the symptoms.  Tr. 20.  This

13  is not a legitimate reason for disbelieving plaintiff and

14  requires reversal.  See Reinertson v. Barnhart, 2005 WL 736686

15  (9th Cir. April 1, 2005).

16        For the foregoing reasons, I recommend that this matter

17  be reversed and remanded.

18        These findings and recommendations are submitted to the

19  Honorable Lawrence K. Karlton, United States District Judge.  28

20  U.S.C. § 636(b)(l).  Written objections may be filed within ten

21  days after being served with these findings and recommendations.

22  The document should be captioned "Objections to Magistrate

23  Judge's Findings and Recommendations."  The failure to file

24  objections within the specified time may waive the right to

25  ////

26  ////

4

appeal the District Court's order.   <u>Martinez v. Ylst</u>, 951 F.2d

1153 (9th Cir. 1991).

  Dated:  May 11, 2005.

          <u>/s/ Peter A. Nowinski</u>
          PETER A. NOWINSKI
          Magistrate Judge