IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT HARWELL,

      Plaintiff,                              No. CIV S-04-0534 LKK PAN

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.                          <u>ORDER</u>

        Pending before the court is plaintiff counsel's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Plaintiff's counsel seeks fees based on 64.0 hours (55.6 hours in 2004 and 8.4 hours in 2005) at the rate of $163.06 per hour for $10,435.84 in attorney time, plus costs in the amount of $222.50. Defendant contends fees under the EAJA should not be awarded because the government's position was substantially justified. In the event fees are awarded, defendant contends that the amount of hours claimed is unreasonable and that the hourly rate was improperly calculated because counsel failed to calculate the hourly rates for the years in which the fee was earned. <u>Sorenson v. Mink</u>, 239 F.3d 1140, 1148-49 (9th Cir. 2001). In the reply, plaintiff's counsel seeks to augment his

1

claim by an additional 2.2 hours at $163.06 per hour ($358.73) for attorney time expended on preparing the reply, for an adjusted total amount of $10,794.57.

### A. Substantial Justification

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. Shalala v. Schaefer, 509 U.S. 292 (1993). In this case, the matter was remanded under sentence four pursuant to the order of the court on cross-motions for summary judgment. (See August 15, 2005 Order adopting Findings and Recommendations filed May 12, 2005.) Plaintiff's counsel thus is entitled to an award of fees under the EAJA. The court must allow the fee award unless it finds that the position of the United States was substantially justified. Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as

> 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on

other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

Defendant contends the government's position was substantially justified. In support of this contention, defendant essentially puts forth the same arguments submitted in support of the government's cross-motion for summary judgment. Although defendant is correct that the government can lose on the merits and its position still be substantially justified for purposes of EAJA, defendant's argument in this instance is unavailing. In reviewing the transcript, briefing on the plaintiff's summary judgment motion, defendant's cross-motion for summary judgment and order reversing the denial of benefits, the court has determined defendant's position had no reasonable basis in either law or fact. Specifically, the ALJ refused to credit plaintiff's claims because x-rays revealed no abnormalities that would explain his symptoms. (May 12, 2005 Findings and Recommendations at 4.) "This is not a legitimate reason for disbelieving plaintiff and require[d] reversal." Id., citing Reinertson v. Barnhart, 2005 WL 736686 (9th Cir. 2005). The government's position thus was not substantially justified and fees under the EAJA therefore will be awarded.

B.  Reasonable Fee

Defendant contends that the 64 hours expended by plaintiff's counsel are unreasonable because the issues presented were neither novel nor complex. In this regard, 28 U.S.C. § 2412(d)(2)(A) expressly provides for an award of "reasonable" attorney fees. However, "there is more to deciding what is a 'reasonable' fee than calculating a reasonable expenditure of hours times a reasonable rate." Atkins v. Apfel, 154 F.3d 986, 989 (9th Cir. 1998)(citing Hensley v. Eckhart, 461 U.S. 424 (1983)). The court must also consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. (quoting Hensley, 461 U.S. at 437.) See also Commissioner, INS v. Jean, 496 U.S. 154 (1990).

1  Here, plaintiff's counsel secured a remand.  Defendant argues that the claimed 64
2  hours of attorney time is excessive.  The undersigned declines to conduct a line-by-line analysis
3  of counsel's billing entries.  See, e.g., McDannel v. Apfel, 78 F. Supp. 2d 944, 954 (S.D. Iowa
4  1999); Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).  However, having carefully
5  reviewed the pending motion, the court finds the claimed 64 hours is a reasonable amount of
6  attorney time to have expended on this matter.  While the issues presented were straightforward,
7  this case was complicated by plaintiff's diagnosis of fibromyalgia.  The administrative transcript
8  contained 998 pages.  Plaintiff's counsel was also required to expend more time than usual based
9  on defendant's motion practice herein.  On June 25, 2004, defendant filed a motion to dismiss,
10  and, after judgment was entered, defendant filed a motion to alter or amend the judgment under
11  Fed. R. Civ. P. 59(e).  Although defendant is entitled to file such motions, these filings will
12  increase the amount of time plaintiff's counsel must devote to the case.  While the court is
13  mindful of the expertise of plaintiff's counsel, 64 hours is not an unreasonable amount of time
14  given the procedural posture of this case and compared to the amount of time devoted to similar
15  tasks by counsel in other social security appeals coming before this court.  The court also
16  appreciates that social security cases are often fact-intensive and is aware of the successful result
17  obtained by counsel.

18  Plaintiff's counsel is also entitled to reimbursement for the hours of attorney time
19  spent litigating this fee motion.  See Love v. Reilly, 924 F.2d 1492, 1496 (9th Cir.1991)
20  ("[U]nder the EAJA, the prevailing party is automatically entitled to attorney's fees for any fee
21  litigation once the district court has made a determination that the government's position lacks
22  substantial justification.").  Thus, the court will award plaintiff's counsel the additional 2.2 hours
23  claimed for November 2005.  (Supplemental Declaration at 2.)

24  However, defendant's argument that plaintiff's counsel miscalculated the hourly
25  rate to be awarded is well taken.
26  /////

Plaintiff's counsel is entitled to an hourly rate applicable during the year in which counsel's fee was earned. Sorenson, at 239 F.3d 1148-49. In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of $125.00 may be justified to account for inflation. See Ramon-Sepulveda v. INS, 863 F.2d 1458, 1463-64 (9th Cir.1988) (adding inflationary adjustment to statutory maximum). The COLA adjustment to the statutory cap is computed by multiplying the cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress. Russell v. Sullivan, 930 F.2d 1443 (9th Cir. 1991). The national, rather than local change in cost of living should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living adjustments in a particular region or city, it could have done so in the statute." Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993). The court will apply the formula using the March 1996 national CPI of 155.7, the national CPI for 2004 of 188.9, and the national CPI for 2005 of 193.3. See U.S. v. Real Property Known as 22249 Dolorosa Street, Woodland Hills, Cal., 190 F.3d 977 (9th Cir.1999); Sorenson v. Mink, 239 F.3d 1140, 1148-49 (9th Cir. 2001) (fees based on date legal services performed, not current date).

The court has recalculated the hourly rate based on the U.S. Department of Labor Bureau of Labor Statistics calculation of the consumer price index. (<http://data.bls.gov/cgi-bin/surveymost> accessed July 27, 2006; See footnotes 1 & 2, infra.) Therefore, counsel for plaintiff is entitled to an EAJA fees award of $10,093.29, which can be broken down as follows:

    2004:   55.6 hours at $151.65 per hour[1]        =        $ 8,431.74

/////

---

[1] The 2004 Annual CPI figure of 188.9 represents an increase of 21% from the March 1996 figure (188.9 minus 155.7 equals 33.2; 33.2 divided by 155.7 equals .2132). This represents an increase in the $125.00 hourly rate to $151.65 an hour. ($125.00 times .2132 = $26.65; $125.00 plus $26.65 equals $151.65).

5

1    2005:   10.6[2] hours at $156.75 per hour[3]    =    $ 1,661.55

2                              Total fees                =    $10,093.29

3  The court will order that the motion for attorney fees ($10,093.29) under EAJA be granted.

4           Plaintiff's counsel seeks reimbursement of costs:

5           Filing fee          $150.00
            Postage             $ 18.50
6           Photocopying        $ 54.00

7              Total            $222.50

8  Reimbursement of the filing fee is allowed under 28 U.S.C. §§ 1920(1) & 2412(a).  An award of

9  costs under EAJA for telephone calls, postage, air courier and attorney travel expenses has been

10 allowed.  International Woodworkers of America, AFL-CIO v. Donovan, 792 F.2d 762, 767 (9th

11 Cir.1986).  The court found that these costs, which are ordinarily billed to a client, are routine

12 under all other fee statutes.  Id.; see Thornberry v. Delta Air Lines, Inc., 676 F.2d 1240, 1244 (9th

13 Cir.1982) (awarding out-of-pocket costs and expenses in Title VII case within court's discretion),

14 vacated and remanded on other grounds, 461 U.S. 952 (1984).  The International Woodworkers

15 court also noted that the examples set forth in 28 U.S.C. § 2412(d)(2)(A) did not constitute an

16 exclusive list of allowable costs.  International Woodworkers, 792 F.2d at 767.  Thus, under

17 International Woodworkers, plaintiff's counsel can recover photocopy charges.  Thus, the court

18 will order that counsel for plaintiff be awarded costs expended in the amount of $222.50.

19           The court will order that the motion for attorney fees under EAJA be granted and

20 that counsel for plaintiff be awarded a EAJA fees in the amount of $10,093.29 and costs in the

21 amount of $222.50, for a total EAJA award of $10,315.79.

22           Accordingly,  IT IS HEREBY ORDERED that:

---

[2]  8.4 + 2.2 = 10.6 hours.

[3]  The annual 2005 CPI figure of 195.3 represents an increase of 25% from the March 1996 figure (195.3 minus 155.7 equals 39.6; 39.6 divided by 155.7 equals .254).  This represents an increase in the $125.00 hourly rate to $156.75 an hour.  ($125.00 times .254 = $31.75; $125.00 plus $31.75 equals $156.75)

6

1. Counsel for plaintiff's October 4, 2005 petition for attorney fees is granted; and

2. Fees pursuant to EAJA are awarded to counsel for plaintiff in the amount of $10,315.79.

DATED:  August 3, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/001; harwell.eaja