IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT E. HARWELL, JR.,

      Plaintiff,　　　　　　　　　　No. CIV S-04-0534 LKK PAN (JFM)

  vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,　　　ORDER

      Defendant.
_____/

      Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $21,181.13 for 61.2 hours of professional time devoted to the representation of plaintiff before this court. Counsel concedes that this amount should be offset in the amount of $10,315.79 for fees previously awarded under the Equal Access to Justice Act ("EAJA").[1]

      42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent

---

[1] The Government does not object to the amount requested by plaintiff's counsel. (Def. Br. 4:9-11.)

1

of the total of the past-due benefits to which the claimant is entitled
by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.

Upon remand to the administrative law judge, plaintiff was found to be disabled and was awarded past-due benefits in the amount of $84,724.52. (Pl.'s Br., Ex. B.) From this, the Commissioner withheld $21,181.13 in order to pay plaintiff's counsel. (Id.)

Counsel seeks fees for 61.2 hours of legal work in representing plaintiff at both the administrative and district court level. Plaintiff's counsel's request for $21,181.13, offset by the $10,315.79 EAJA award, would constitute an hourly rate of $177.53. Even without the EAJA offset, counsel's effective hourly rate would be $364.09. Based on the quality of counsel's representation and his decades-long experience in the field of Social Security law, the court finds those rates to be reasonable.[2] Further, given the results achieved in this case, the undersigned finds the amount of hours expended to be reasonable.

/////

/////

/////

---

[2] Plaintiff's counsel notes that his hourly rate for non-contingent fee cases is $475.00. (Pl.'s Br., 11:18).

2

1       Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel is awarded

2 $21,181.13 in attorney fees pursuant to 28 U.S.C. § 406, to be offset in the amount of $10,315.79

3 previously awarded under EAJA. As a result, the net amount of counsel's award shall be

4 $10,865.34.

5 DATED: November 28, 2007.

                              UNITED STATES MAGISTRATE JUDGE

/mb;harwell.406

3